CLD-197                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4068
_____

ADRIENNE C. FRIEND,
                                                    Appellant
v.

HONORABLE DAWN VANN; DETECTIVE ROBERT WHITAKER;
OFFICER D. JACKSON; CHESTER POLICE DEPARTMENT; CITY OF CHESTER
MUNICIPALITY; CRIMINAL INVESTIGATION DIVISION OF
DELAWARE COUNTY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2:14-cv-01781)
District Judge:  Honorable Legrome D. Davis

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 14, 2015
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Opinion filed: June 19, 2015)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Adrienne Friend appeals from the District Court's dismissal of her civil rights action. Because Friend's appeal presents no substantial question, we will summarily affirm.

I.

On March 24, 2014, Friend filed a complaint under 42 U.S.C. § 1983 in the District Court. Friend alleged that, on November 11, 2010, police officers unlawfully entered her home pursuant to a search warrant signed by Pennsylvania District Judge Dawn Vann. She asserted that, upon entry, a police officer fired his weapon three times, killing Friend's dog and endangering the lives of the people in her home. Friend was arrested the same day, and was released on bail on November 15, 2010. On January 20, 2011, she was arraigned in the Delaware County Court of Common Pleas. That court ordered a Nolle Prosequi on March 22, 2011.

In November 2012, Friend filed a complaint in the Delaware County Court of Common Pleas against Judge Vann, the Chester Police Department ("CPD"), and the Delaware County Criminal Investigation Division ("CID"), challenging the entry and search of her house, as well as her arrest. Upon sustaining the defendants' preliminary objections, to which Friend did not respond, the Court of Common Pleas dismissed the claims with prejudice on March 5, 2014.

Friend filed the current action three weeks later. As a result of the above-mentioned incidents, she claimed that the CPD, the CID, the City of Chester, Judge

2

Vann, and others conspired to and did violate her civil rights. In particular, she asserted claims for illegal seizure, false imprisonment, malicious prosecution, bystander liability, and a <u>Monell</u> claim for municipality liability. She also brought claims under 29 U.S.C. § 1109, and for filing a false report under the False Claims Act, 42 U.S.C. § 3729. On July 7, 2014, the District Court granted the defendants' motions to dismiss under Fed. R. Civ. P. 12(b)(6). The District Court dismissed the CID and the CPD with prejudice, determining that they are municipal subdivisions not subject to liability under 42 U.S.C. § 1983. It granted the remainder of the defendants' motions to dismiss without prejudice, providing Friend leave to file an amended complaint that described the "particular events by which Defendants violated her rights, explain[ed] specifically how each defendant is involved in her claims, and, perhaps most important, indicate[d] when all the relevant events took place."

After Friend filed her amended complaint (which again included claims against the CPD and the CID), the defendants moved to dismiss the amended complaint as well. On September 26, 2014, the District Court granted those motions and dismissed Friend's amended complaint with prejudice. The District Court determined that Friend's § 1983 claims against all defendants were barred by the statute of limitations. It further concluded that the claims against Judge Vann, the CPD, and the CID were barred by res judicata, and that Judge Vann was immune from suit under the Eleventh Amendment and the common law doctrine of judicial immunity.

As to Friend's claim under 29 U.S.C. § 1109, the District Court determined that it was likely made in error, as that statute is part of ERISA and concerns liability for breach of fiduciary duty with respect to retirement benefits. It thus dismissed the claim, as Friend made no attempt to provide any facts indicating that a fiduciary duty existed or that a breach of such a duty had occurred. The District Court also concluded that the False Claims Act was inapplicable, as Friend made no allegation that a defendant presented fraudulent financial claims to the federal government, as the statute requires. See 31 U.S.C. § 3729. Finally, the District Court determined that further amendment of the complaint would be futile, and dismissed the cause of action with prejudice.

Friend timely appealed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal for failure to state a claim is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We will summarily affirm the District Court's order if there is no substantial question presented in the appeal. See 3d Cir. I.O.P. 10.6.

After careful review of the record, we discern no error in the District Court's dismissal of Friend's causes of action. As the District Court determined, Friend's § 1983 claims are untimely. The statute of limitations for § 1983 claims arising out of conduct in Pennsylvania is two years, and begins to run on the date that the cause of action accrues. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). A cause of action accrues when the

4

plaintiff knew or should have known of the injury upon which the cause of action is based.  See id. at 634-35.

The alleged injuries relating to the search of Friend's house occurred on November 10, 2010, and the claims concerning that incident accrued on that day.  And, as the District Court stated, at the latest, the limitations period for Friend's § 1983 claims for false imprisonment and malicious prosecution commenced on March 22, 2011, when the Court of Common Pleas dropped the charges against her.  Accordingly, the two-year statute of limitations for all of her § 1983 claims had long since expired by the time Friend filed her March 24, 2014 complaint, and the District Court properly dismissed her claims as time-barred.[1]

Further, we affirm the District Court's dismissal of the claims against Judge Vann based on its determination that she was immune from suit.  Friend cannot sustain a claim against Judge Vann because judges are entitled to absolute immunity from liability based on actions taken in their official judicial capacity, unless their actions are taken in the "complete absence of all jurisdiction."  Mireles v. Waco, 502 U.S. 9, 11 (1991) (per

---

[1] The District Court dismissed the CID and the CPD from the lawsuit in its July 2014 order after determining that they were municipal subdivisions that were not subject to liability under § 1983.  The District Court also stated, in its September 2014 order, that the claims against the CID and CPD were barred by res judicata.  However, we affirm the dismissal of these entities on the basis that the claims against them—as well as those against the other defendants—are untimely.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam) (stating that we may affirm a district court's order on any basis supported by the record).

curiam); <u>Briscoe v. LaHue</u>, 460 U.S. 325, 334 (1983) ("We have held that state judges are absolutely immune from liability for their judicial acts. . . ."). Friend's allegations against Judge Vann stem from her signing an arrest warrant and presiding over the trial of one of Friend's acquaintances. These are official acts, which were not taken in the absence of jurisdiction, for which she is immune from suit.

Additionally, as the District Court explained, the state courts, its employees, and judges are entitled to immunity under the Eleventh Amendment because they are part of the judicial branch of the Commonwealth of Pennsylvania. <u>See</u> <u>Benn v. First Jud. Dist. of Pa.</u>, 426 F.3d 233, 240-41 (3d Cir. 2005) (holding that Pennsylvania's state court system is entitled to Eleventh Amendment immunity). Accordingly, the District Court also properly held that Judge Vann is entitled to Eleventh Amendment immunity.[2]

Friend's remaining claims do not warrant further discussion. Suffice it to say that the District Court appropriately dismissed the claims under 29 U.S.C. § 1109 and the False Claims Act. Because dismissal was proper and because the appeal presents no substantial question, we will summarily affirm the District Court's judgment. Friend's motion for appointment of counsel is denied.

---

[2] Because we affirm the dismissal of the claims against Judge Vann based on her immunity from suit, we need not consider the District Court's determination that the claims against Judge Vann were barred by res judicata.